Argued and submitted September 7, 1990, portions of judgment vacating violations reversed; otherwise affirmed February 6, 1991

Adolpho Edgar GALANG, II,
dba Ed Galang Enterprises,
*Respondent,*

*v.*

PUBLIC UTILITY COMMISSION
OF OREGON,
*Appellant.*

(A8903-01265; CA A62620)

805 P2d 151

Keith Kutler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

No appearance by respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

The Public Utility Commission appeals from a judgment that modified its order by vacating 57 motor carrier violations. We reverse.

Plaintiff is a motor carrier regulated by the commission. It has a certificate of authority issued by the commission, authorizing it to haul sand and gravel and related materials. It entered into a hauling agreement with Clearwater Construction Company. In the course of fulfilling that contract, plaintiff hauled some of the materials itself and hired other carriers to haul some of the materials. The haulers that plaintiff hired had valid certificates of authority from the commission, but their equipment was not listed on plaintiff's certificate of authority. The commission concluded that plaintiff's failure to include the hired equipment on its certificate of authority violated ORS 767.105, and it imposed a fine.[1] The trial court disagreed and held that plaintiff's use of vehicles whose owners had certificates of authority but were not included on plaintiff's certificate did not violate the statute.

Although the appeal is from the circuit court's judgment, we review the commission's order. We said in *Northwest Climate Conditioning v. Lobdell,* 79 Or App 560, 562, 720 P2d 1281 (1986):

"We may not substitute our judgment for that of the Commissioner as to any finding supported by substantial evidence. ORS 756.598. We need not agree with the Commissioner's inferences or reasoning to uphold the order, if it contains sufficient findings and conclusions to enable us to determine that the reasoning is rational and that the agency has acted within its grant of power. *American Can v. Lobdell,* 55 Or App 451, 638 P2d 1152 (1982)."

The trial court did not disturb the commission's findings but disagreed with its interpretation of the statute.[2]

---

[1] The commission's order also imposed fines for other violations. The only violations at issue, however, relate to the use of vehicles whose owners had certificates of authority.

[2] The judgment says that the court

"finds that ORS 767.105 does not prohibit a carrier holding a valid certificate of public convenience and necessity issued by the Public Utility Commission from hiring other certified carriers to perform transportation contracted by the plaintiff * * *."

That is not a finding of fact, it is a legal conclusion relating to the interpretation of the statute.

The statute at issue here is ORS 767.105:

"No person shall operate any motor vehicle, whether loaded or empty, on any highway in this state as a common carrier, contract carrier or private carrier in the transportation of persons or property without possessing, in addition to any license required by any other law, a valid certificate or permit from the commission authorizing the proposed operation. Each operation of a motor vehicle in violation of this section is a separate violation, whether the prohibited operations occur within the same day or different days or relate to the same motor vehicle or different motor vehicles."

The commission interpreted that provision in its order:

"The transportation must be performed either under [respondent's] certificate *using equipment registered under his certificate* with the PUC, or the other carriers must have appropriate authority and contract directly with the shipper and be responsible to the shipper for the services performed. ORS 767.105 does not allow a carrier to delegate or sub-contract transportation responsibilities to someone else; the carrier must either perform the movements with equipment registered with the PUC or follow the lease requirements [that allow a carrier to register leased equipment]." (Emphasis supplied; footnote omitted.)

The commission's order "necessarily involved [its] interpretation of the statutory terms." *Market Transport v. Maudlin,* 301 Or 727, 736, 725 P2d 914 (1986). In *Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), the Supreme Court categorized statutory terms in three classes, each of which imposes on the agency a different responsibility in applying the statute and, also, determines our scope of review. The specific language of the statute that the commission interpreted is "[n]o person shall operate" as a carrier without possessing a certificate "authorizing the proposed operation." Under *Springfield,* we conclude that those phrases are inexact terms. They embody complete expressions of legislative policy and meaning that require agency interpretation. 290 Or at 225. Accordingly, the question is "whether the agency action is within the legislative policy which [*sic*] inheres in the statutory term." 290 Or at 227.

The commission's interpretation by order adequately advances the policy behind requiring certificates of authority for carriers' operations. The legislature made a statement of

policies for regulation of motor carriers. ORS 767.020. Among those policies is the prevention of operation by irresponsible persons and establishment of a method of assessing privilege taxes. ORS 767.020(2)(f)(i). That policy is enhanced if the carrier responsible for an operation can be identified readily. Although the commission's interpretation of the statute may not be the *only* reasonable one, it is *a* reasonable interpretation. *See Springfield Education Assn. v. School Dist., supra,* 290 Or at 227. We cannot say that the commission's interpretation is outside the legislative policy expressed in the statute. The trial court erred in substituting its interpretation for that of the commission. Accordingly, that portion of the judgment vacating violations for the 57 carriers that had certificates of authority but were not included on plaintiff's certificate is reversed.

Portions of judgment vacating violations reversed; otherwise affirmed.